UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80020-CR-LEIBOWITZ

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

SMITH PIERRE,

      Defendant.

_____/

## MOTION TO SUPPRESS EVIDENCE

Defendant, Smith Pierre, through undersigned counsel, and pursuant to Fed.R.Crim.P. 12 and the Fourth Amendment to the United States Constitution, respectfully requests the Court to suppress as evidence in the above-styled cause all checks, electronic devices, firearms, ammunition, marijuana, credit/debit cards, drivers licenses and social security cards seized from Defendant's residence. As grounds therefor, Defendant states:

1.      On November 15, 2023, Boynton Beach Police Department ("BBPD") Officers conducted a search of Defendant's residence. The search was based upon a search warrant issued by Florida Circuit Court Judge Surber.[1]

2.      The affidavit submitted to Judge Surber for the search warrant did not establish probable cause to search Defendant's residence for evidence of unlawful possession of personal identification information of five or more individuals, in violation of Fla. Stat. 817.5685(3)(b).

_____

[1] The affidavit and application for the search warrant and the search warrant issued by Judge Surber are attached as defendant's exhibit 1, portions of which have been redacted to comply with Fed.R.Crim.P. 49.1. The search warrant return is attached as defendant's exhibit 2.

1

3.     Moreover, even if the search warrant was based upon probable cause for evidence of unlawful possession of personal identification information of five or more individuals, the search of Defendant's residence was still unlawful as the search warrant was unconstitutionally overbroad because it failed to satisfy the particularity requirement of the Fourth Amendment.

4.     Furthermore, the affidavit was so lacking in probable cause and facially deficient that no reasonable officer could reasonably presume it to be valid.

## I.     Background

Defendant is charged by an indictment with bank fraud, in violation of 18 U.S.C. § 1344, possession of five or more unlawful identification documents, in violation of 18 U.S.C. § 1028(a)(3), aggravated identity theft, in violation of 18 U.S.C. § 1028A, and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On November 14, 2023, BBPD Detective Sean Steele submitted an application for a search warrant to Palm Beach Circuit Court Judge Surber authorizing a search of Defendant's residence. The search warrant sought evidence relating to felon in possession of firearm, in violation of Fla. State. 790.23(1)(a), and unlawful possession of personal identification information of five or more individuals, in violation of Fla. Stat. 817.5685(3)(b).[2]

---

[2] Section 817.5685 provides, in relevant part, that:

> **(1)** As used in this section, the term "personal identification information" means a person's social security number, official state-issued or United States-issued driver license or identification number, alien registration number, government passport number, employer or taxpayer identification number, Medicaid or food assistance account number, bank account number, credit or debit card number, and medical records.
> **(2)** It is unlawful for a person to intentionally or knowingly possess, without authorization, the personal identification information of another person in any form, including, but not

The search warrant affidavit was based primarily on the statements taken of Boynton Beach Fire Rescue Lieutenant Langston Wimberly and describes items he reported seeing inside Defendant's residence. The search warrant affidavit also mentions a criminal history check revealed Defendant was a convicted felon. The search warrant affidavit further describes the arrest of Defendant's girlfriend on September 13, 2023, and an alleged incident involving Defendant depositing a forged check.

On November 14, 2023, Judge Surber issued the search warrant authorizing a search of Defendant's residence for the following items:

> Miscellaneous Credit / Debit Cards
> Any Bank Transactions/Documents
> Any Checkbooks or Checks
> Any Firearms within the residence
> Any forms of identification
> Electronics
> Identity Theft Tools/Equipment [and]
> Vehicles located within the garage or curtilage of the residence[.]

*See* Def. Exh. 1.

---

> limited to, mail, physical documents, identification cards, or information stored in digital form.
> **(3)**
> **(a)** A person who violates subsection (2) and in doing so possesses the personal identification information of four or fewer persons commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
> **(b)**
> **1.** Proof that a person used or was in possession of the personal identification information of five or more individuals, unless satisfactorily explained, gives rise to an inference that the person who used or was in possession of the personal identification information did so knowingly and intentionally without authorization.

Fla. Stat. 817.5685.

The search warrant was executed on November 15, 2023. During the search of Defendant's residence, law enforcement seized numerous pieces of evidence, including: (1) approximately (2,284) checks; (2) a large volume of blank checks stock; (3) multiple electronic devices; (4) five loaded firearms; (5) approximately (1,184) gross grams of marijuana; (6) (112) assorted credit cards in various names; and (7) in excess of five drivers licenses and social security cards in different names. *See* Federal Criminal Complaint.

## II.    Discussion

The Fourth Amendment states "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

When a search warrant affidavit is submitted to a judge "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit…there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Article I, Section 12 of the Constitution of the State of Florida similarly states, "[n]o warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained."

To answer whether an affidavit underlying a search is "so lacking in indicia of probable cause," the court must confine its analysis to the four corners of the affidavit. *See United States v. Robinson*, 336 F.3d 1293, 1296-97 (11th Cir. 2003). At a minimum, an affidavit should "'state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched' and should 'establish a connection between the defendant and the

residence to be searched and a link between the residence and any criminal activity.'" *United States v. Morales*, 987 F.3d 966, 975 (11th Cir. 2021) (quoting *United States v. Martin*, 297 F.3d 1308, 1313-14 (11th Cir. 2002).

Here, the affidavit reflects Affiant Steele relied heavily on the information provided by Boynton Beach Fire Rescue Lieutenant Langston Wimberly ("Wimberly"). The affidavit recounts various debit/credit cards, driver licenses, checks, checkbooks, along with a firearm observed by Wimberly. However, nowhere in the affidavit does it explicitly state Wimberly was knowledgeable or aware of what Defendant did for a living or had any experience in criminal investigations, which undercuts Affiant Steele's opinions and conclusions that evidence of Section 817.5685 would be located in Defendant's Residence.

In addition, the affidavit indicated on its face that Affiant Steele did not have the necessary training and experience to evaluate the results of Wimberly's information and develop probable cause to believe that evidence concerning violations of Section 817.5685 would be found in Defendant's residence. He described his own law enforcement experience as limited to investigating violent crime, property crime, drugs offenses, and arrest warrant investigations. *See* Def. Exh. 1. Nowhere in the affidavit does it explicitly state Affiant Steele was knowledgeable or had any experience in investigating cases involving fraud or violations of Section 817.5685, which undercuts his opinions and conclusions that evidence of that crime would be located in Defendant's residence.

For these reasons, the affidavit did not establish a fair probability that Defendant's residence contained evidence of violations of Section 817.5685.

Moreover, even if the search warrant was based upon probable cause, the search of Defendant's residence was still unlawful as the search warrant was unconstitutionally overbroad because it failed to satisfy the particularity requirement of the Fourth Amendment.

> The Warrant Clause of the Fourth Amendment categorically prohibits the issuance of any warrant except one "particularly describing the place to be searched and the persons or things to be seized." The manifest purpose of this particularity requirement was to prevent general searches. By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit.

*Maryland v. Garrison,* 480 U.S. 79, 84 (1987).

"General warrants . . . are prohibited by the Fourth Amendment." *Andresen v. Maryland*, 427 U.S. 463, 480 (1976). The Fourth Amendment requires that search warrants have a "particular description" of the things to be seized. *Id*. This requirement makes general searches impossible and prevents the seizure of one thing under a search warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the search warrant. *Id.*

Here, nothing in the search warrant narrowed its reach or limited the discretion of the searching officers. The warrant authorized the seizure of "Miscellaneous" Credit/Debit Cards, "Any" Bank Transactions/Documents, "Any" Checkbooks or Checks, "Any" forms of identification, "Electronics," "Identity Theft Tools/Equipment," and "Vehicles located within the garage or curtilage of the residence[.]" *See* Def. Exh. 1. Terms such as "any," "miscellaneous," and "electronics" casted an even wider net for the indiscriminate seizure of documents and property. "Search warrants, including this one, are fundamentally offensive to the underlying principles of the Fourth Amendment when they are so bountiful and expansive in their language that they constitute a virtual, all-encompassing dragnet of personal papers and property to be

seized at the discretion of the State." *United States v. Bridges*, 344 F.3d 1010, 1016 (9th Cir. 2003).

"Evidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution." *United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir. 2002). An exception to this "judicially created remedy" is the "*Leon* good faith exception." *Id.* at 1312, *citing United States v. Leon*, 468 U.S. 897 (1984). *Leon* "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." *Id.* at 1313.

In *United States v. Robinson*, the Eleventh Circuit Court of Appeals stated that the good-faith exception does not apply where: (1) a magistrate judge issues a warrant based on a deliberately or recklessly false affidavit; (2) a magistrate judge fails to act in a neutral and detached manner; (3) an affidavit was so lacking in probable cause as to render belief in its existence entirely unreasonable; and (4) a warrant was so facially deficient that no reasonable officer could reasonably presume it to be valid. 336 F.3d 1293, 1296 (11th Cir. 2003).

In this case, the good-faith exception is inapplicable because the degree of deficiency of probable cause and the failure to particularize in the warrant precluded reasonable reliance thereon.

**WHEREFORE**, Defendant, Smith Pierre, respectfully requests that the Court grant the above-styled motion.

## <u>RULE 88.9 CERTIFICATE</u>

On March 11, 2024, undersigned counsel has contacted Assistant United States Attorney Robin Waugh who objects to the above-styled motion.

**<u>DEFENDANT DOES NOT REQUEST A HEARING</u>**

Defendant is not requesting a hearing on the above-styled motion.

Respectfully submitted,

By:  <u>*s/ William T. Zloch, Esq.*</u>
William T. Zloch, Esq.
Attorney for Defendant Smith Pierre
Florida Bar No. 0105619
PERLET & SHINER, P.A.
1801 Centrepark Drive East, Suite 110
West Palm Beach, Florida 33401
Telephone: 561-721-0552
Facsimile: 561-721-3049
wzloch@palmbeachdefense.com

<b><u>CERTIFICATE OF SERVICE</u></b>

**I HEREBY CERTIFY** that on March 11, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record *via* transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

By:   <u>*s/William T. Zloch, Esq.*</u>
William T. Zloch, Esq.